UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT TACOMA

| | |
|---|---|
| Donald H. McElfish,<br><br>                Petitioner,<br><br>   v.<br><br>Jeffrey A. Uttecht,<br><br>                Respondent. | CASE NO. 3:19-cv-05397-RJB-JRC<br><br>REPORT AND RECOMMENDATION<br><br>Noting Date: October 11, 2019 |

The District Court has referred this action to United States Magistrate Judge J. Richard Creatura. Petitioner Donald H. McElfish filed his federal habeas petition ("petition"), pursuant to 28 U.S.C. § 2254, seeking relief from his state court convictions and sentence. *See* Dkts. 1, 7. The Court concludes that petitioner failed to properly exhaust his state court remedies as to all grounds raised in the petition. Because petitioner's time for pursuing state remedies has expired, petitioner has procedurally defaulted on all his claims. Therefore, the Court recommends that the petition be dismissed with prejudice. The Court also recommends denying all pending motions (Dkts. 8, 14) as moot.

**BACKGROUND**

Petitioner is in custody under a state court judgment and sentence imposed for his convictions for attempted rape, kidnapping and assault. Dkt. 12, Exhibit 1.

Petitioner appealed his judgment and sentence to the Washington Court of Appeals. Dkt. 12, Exhibit 3. The Washington Court of Appeals affirmed the convictions, but reversed petitioner's sentence with respect to financial obligations because the lower court did not consider petitioner's ability to pay. Dkt. 12, Exhibit 2. Petitioner moved for reconsideration, which the Washington Court of Appeals denied. Dkt. 12, Exhibits 6, 8.

Petitioner then sought review by the Washington Supreme Court, presenting the following issues for consideration: (1) insufficiency of the evidence; (2) prosecutorial misconduct; (3) ineffective assistance of counsel; and (4) prosecutor vouched for a witness. Dkt. 12, Exhibit 9. The Washington Supreme Court denied review on June 1, 2016. Dkt. 12, Exhibit 11. The Washington Court of Appeals issued the mandate on June 10, 2016. Dkt. 12, Exhibit 12.

While his direct appeal was pending, petitioner filed a post-conviction motion for a new trial in superior court, which was transferred to the Washington Court of Appeals as a personal restraint petition ("PRP"). Dkt. 12, Exhibits 13, 14. The Washington Court of Appeals initially accepted the transferred PRP, but later remanded the matter back to the superior court as a motion for a new trial. Dkt. 12, Exhibits 16, 17. On remand, the superior court granted petitioner's motion for a new trial. Dkt. 12, Exhibit 19.

The Washington Court of Appeals reversed the superior court's order granting petitioner's motion for a new trial and remanded the matter back to the superior court. Dkt. 12, Exhibits 21, 23, 24, 25, 26. Petitioner sought review by the Washington Supreme Court, presenting the following issues: (1) whether the Washington Court of Appeals reliance on the

trial court's findings of substantial evidence was erroneous and (2) whether the trial court erred in finding that there was no direct evidence corroborating the witness' testimony. Dkt. 12, Exhibit 27. The Washington Supreme Court denied review on January 3, 2018. Dkt. 12, Exhibit 29. The Washington Court of Appeals issued the mandate on January 26, 2018. Dkt. 12, Exhibit 30.

On remand, the superior court denied petitioner's motion for a new trial. Dkt. 12, Exhibit 31. Petitioner then appealed to the Washington Court of Appeals. Dkt. 12, Exhibits 32, 33, 34. Petitioner's appeal from the order denying the motion for new trial remains pending before the Washington Court of Appeals. *See id.*

On May 8, 2019, petitioner filed this petition pursuant to § 2254. Dkts. 1, 7. Petitioner raises four grounds for relief all based on his claim that he a grand jury did not issue an indictment to charge him, and the State of Washington does not have jurisdictional authority to decide federal matters. Dkt. 7. On July 31, 2019, respondent filed an answer, wherein he asserts that petitioner has not properly exhausted his available state court remedies. Dkt. 11. Respondent maintains that the petition should be dismissed with prejudice as unexhausted and procedurally barred. Dkt. 11. Respondent does not address whether federal intervention with petitioner's pending state criminal proceedings would be inappropriate under the *Younger* abstention doctrine. *See Younger v. Harris*, 401 U.S. 37 (1971). And the Court sees no reason to make a determination on the *Younger* abstention issue at this time, since the matter can be resolved without deciding the issue. Petitioner filed a traverse. Dkt. 13.

## DISCUSSION

Respondent maintains that petitioner failed to exhaust the grounds raised in the petition and is procedurally barred from federal review. Dkt. 11.

### 1. *Exhaustion of State Remedies*

"[A] state prisoner must normally exhaust available state judicial remedies before a federal court will entertain his petition for habeas corpus." *Picard v. Connor*, 404 U.S. 270, 275 (1971). Petitioner's claims will be considered exhausted only after "the state courts [have been afforded] a meaningful opportunity to consider allegations of legal error without interference from the federal judiciary." *Vasquez v. Hillery*, 474 U.S. 254, 257 (1986). "[S]tate prisoners must give the state courts one full opportunity to resolve any constitutional issues by invoking one complete round of the State's established appellate review." *O'Sullivan v. Boerckel*, 526 U.S. 838, 845 (1999).

A federal habeas petitioner must provide the state courts with a fair opportunity to correct alleged violations of federal rights. *Duncan v. Henry*, 513 U.S. 364, 365 (1995); *Middleton v. Cupp*, 768 F.2d 1083, 1086 (9th Cir. 1985) (petitioner "fairly presented" the claim to the state supreme court even though the state court did not reach the argument on the merits). Petitioner bears the burden of proving he has exhausted available state remedies and retains the burden to prove all facts relevant to the exhaustion requirement. *See Rose v. Lundy*, 455 U.S. 509, 520 (1982); 28 U.S.C. § 2254(b)(1)(A).

In the petition, petitioner raises four grounds for relief asserting that he is unlawfully detained, and that the State of Washington does not have jurisdictional authority to decide federal matters. Dkt. 7. In Grounds One and Four, petitioner alleges a violation of the Fifth Amendment based on a lack of a grand jury indictment. Dkt. 7 at 5, 10. In Ground Two, petitioner contends that his rights under Article IV and VI of the Constitution have been violated,

1 and that his arrest, conviction, and imprisonment are illegal. Dkt. 7 at 7. In Ground Three,
2 petitioner contends that he has not been convicted of his crimes and as a result, he has been
3 "enslaved" and placed into involuntary servitude in violation of the Thirteenth Amendment. Dkt.
4 7 at 8. In Ground Four, in addition to his Fifth Amendment claim, petitioner also alleges
5 violations of the Fourteenth Amendment, and that he has been deprived of life, liberty, and
6 property. Dkt. 7 at 10.

7 Petitioner did not raise any of same grounds in the petition as he raised in his direct
8 appeal or collateral attack. Dkt. 12, Exhibits 9, 27. Rather, in his direct appeal, petitioner raised
9 four other grounds for relief challenging: (1) insufficiency of the evidence; (2) prosecutorial
10 misconduct; (3) ineffective assistance of counsel; and (4) prosecutor vouched for a witness. Dkt.
11 12, Exhibit 9. In his seeking collateral review through a motion for a new trial, petitioner raised
12 two other grounds for relief: (1) whether the Washington Court of Appeals reliance on the trial
13 court's findings of substantial evidence was erroneous and (2) whether the trial court erred in
14 finding that there was no direct evidence corroborating the witness' testimony. Dkt. 12, Exhibit
15 27.

16 As petitioner did not raise any of the four grounds in the instant petition on direct appeal
17 or collateral review, he did not give the state court a full and fair opportunity to determine if a
18 federal constitutional violation occurred. *See Baldwin v. Reese*, 541 U.S. 27, 29 (2004) ("To
19 provide the State with the necessary 'opportunity,' the prisoner must 'fairly present' his claim in
20 each appropriate state court (including a state supreme court with powers of discretionary
21 review), thereby alerting that court to the federal nature of the claim."); *Ortberg v. Moody*, 961
22 F.2d 135, 138 (9th Cir. 1992) (finding claims were unexhausted when they were not raised on
23 every level of direct review).

24

Petitioner appears to argue that his claims are exempt from the exhaustion requirement, stating that the state does not have jurisdiction over federal constitutional matters. *See* Dkt. 7 at 5, 7, 8-10; Dkt. 14. The Court may consider an unexhausted federal habeas petition if it appears "there is an absence of available State corrective process . . . or circumstances exist which render such process ineffective to protect the rights of the applicant." 28 U.S.C. 2254(b)(1)(B). However, petitioner has not shown that there is an absence of available state corrective processes or circumstances exist rendering any state process ineffective. Rather, petitioner appears to disagree with the exhaustion requirement and the state court's jurisdictional authority. Accordingly, the Court finds that petitioner has not shown there are no state court remedies available to him. Therefore, the Court concludes that all four grounds raised in the petition were not properly exhausted.

   2.   *Procedural Default*

Procedural default is distinct from exhaustion in the habeas context. *Franklin v. Johnson*, 290 F.3d 1223, 1230 (9th Cir. 2002). The procedural default rule bars consideration of a federal claim when it is clear the state court has been presented with the federal claim but declined to reach the issue for procedural reasons or it is clear the state court would hold the claim procedurally barred. *Id.* at 1230-31 (citations omitted). If a state procedural rule would now preclude the petitioner from raising his claim at the state level, the claim is considered "procedurally defaulted" and the federal courts are barred from reviewing the petition on the merits. *Coleman v. Thompson*, 501 U.S. 722, 731-32 (1991); *O'Sullivan*, 526 U.S. at 845.

All four grounds raised in the petition are procedurally defaulted because if petitioner attempted to collaterally challenge these claims in subsequent collateral attack, the state court would find the claims barred by Washington State law. Washington State imposes a one-year statute of limitations on filing a post-conviction collateral attack. RCW § 10.73.090.

" '[C]ollateral attack' means any form of postconviction relief other than a direct appeal. 'Collateral attack' includes, but is not limited to, a personal restraint petition, a habeas corpus petition, a motion to vacate judgment, a motion to withdraw guilty plea, a motion for a new trial, and a motion to arrest judgment." RCW 10.73.090(2). Here, petitioner's conviction became final on June 10, 2016, the date the direct appeal mandate was issued. Dkt. 12, Exhibit 12; RCW 10.73.090(3)(b). Thus, the time to file a petition or motion for post-conviction relief expired on June 10, 2017, one year after petitioner's conviction became final. *See* RCW 10.73.090(1), (3)(b). As the one-year statute of limitations has passed, petitioner is barred from filing a subsequent collateral attack in state court. *See id*. at (1).

Petitioner would be precluded from asserting all four grounds raised in the petition in state court, and thus, these claims are procedurally defaulted in federal court. *See Coleman*, 501 U.S. at 731-32, 735 n.1; *Casey v. Moore*, 386 F.3d 896, 920 (9th Cir. 2004); *Eisermann v. Penarosa*, 33 F.Supp.2d 1269, 1274 (D. Haw. 1999) ("[I]f a petitioner has never raised his federal claim to the highest state court available and is now barred from doing so by a state procedural rule, exhaustion is satisfied because no state remedy remains available, but the petitioner has procedurally defaulted on his claim.").

However, procedural default will be excused and a petitioner will be entitled to federal habeas corpus review if he "can demonstrate cause for the default and actual prejudice as a result of the alleged violation of federal law, or demonstrate that failure to consider the claims will result in a fundamental miscarriage of justice[.]" *See Boyd v. Thompson*, 147 F.3d 1124, 1126 (9th Cir. 1998) (citing *Coleman*, 501 U.S. at 750). To establish "cause," a petitioner must show some objective factor external to the defense prevented him from complying with the state's procedural rule. *Coleman*, 501 U.S. at 753 (citing *Murray v. Carrier,* 477 U.S. 478, 488 (1986)). To show "prejudice," a petitioner "must shoulder the burden of showing, not merely that the

errors at his trial created a *possibility* of prejudice, but that they worked to his *actual* and substantial disadvantage, infecting his entire trial with error of constitutional dimensions." *United States v. Frady*, 456 U.S. 152, 170 (1982) (emphasis in original).

Only in an "extraordinary case" may the habeas court grant the writ without a showing of cause and prejudice to correct a "fundamental miscarriage of justice" where a constitutional violation has resulted in the conviction of a defendant who is actually innocent. *Murray,* 477 U.S. at 495–96. To demonstrate he suffered a fundamental miscarriage of justice, viewing all the evidence in light of new reliable evidence, the petitioner must show "it is more likely than not that no reasonable juror would have found petitioner guilty beyond a reasonable doubt." *House v. Bell*, 547 U.S. 518, 537 (2006) (citing *Schlup v. Delo*, 513 U.S. 298, 327 (1995)).

Here, petitioner has not alleged any facts that establish cause or prejudice. Nor does petitioner present any new evidence demonstrating that it is more likely than not that no reasonable juror would have convicted him in light of any new evidence. Petitioner simply did not raise the claims in his petition at all levels of the state court.  Accordingly, petitioner has made no showing of cause or prejudice or a fundamental miscarriage of justice.  Because petitioner cannot excuse his procedural default, all four grounds raised in the petition are not cognizable in a habeas corpus proceeding and should therefore be dismissed.

## EVIDENTIARY HEARING

The decision to hold an evidentiary hearing is committed to the Court's discretion. *Schriro v. Landrigan*, 550 U.S. 465, 473 (2007). "[A] federal court must consider whether such a hearing could enable an applicant to prove the petition's factual allegations, which, if true, would entitle the applicant to federal habeas relief." *Id.* at 474. In determining whether relief is available under 28 U.S.C. § 2254(d)(1), the Court's review is limited to the record before the state court. *Cullen*, 563 U.S. at 181-82. A hearing is not required if the allegations would not

1 entitle Petitioner to relief under §2254(d). *Landrigan*, 550 U.S. at 474. "It follows that if the
2 record refutes the applicant's factual allegations or otherwise precludes habeas relief, a district
3 court is not required to hold an evidentiary hearing." *Id*. The Court finds it is not necessary to
4 hold an evidentiary hearing in this case because, as discussed in this report and recommendation,
5 petitioner's grounds may be resolved on the existing state court record.

## CERTIFICATE OF APPEALABILITY

7 A petitioner seeking post-conviction relief under 28 U.S.C. § 2254 may appeal a district
8 court's dismissal of the federal habeas petition only after obtaining a certificate of appealability
9 (COA) from a district or circuit judge. *See* 28 U.S.C. § 2253(c). "A certificate of appealability
10 may issue . . . only if the [petitioner] has made a substantial showing of the denial of a
11 constitutional right." 28 U.S.C. § 2253(c)(2). Petitioner satisfies this standard "by demonstrating
12 that jurists of reason could disagree with the district court's resolution of his constitutional
13 claims or that jurists could conclude the issues presented are adequate to deserve encouragement
14 to proceed further." *Miller-El v. Cockrell*, 537 U.S. 322, 327 (2003) (citing *Slack v. McDaniel*,
15 529 U.S. 473, 484 (2000)).

16 No jurist of reason could disagree with this Court's evaluation of petitioner's claims or
17 would conclude that the issues presented in the petition should proceed further. Therefore, the
18 Court concludes that petitioner is not entitled to a certificate of appealability with respect to this
19 petition.

## OTHER PENDING MOTIONS

21 Petitioner filed a motion to request that the Court rule on the petition (Dkt. 8) and a
22 motion for summary judgment. Dkts. 8, 14.  In both motions, petitioner argues that respondent
23 has failed to provide legal cause for petitioner's arrest and detainment. *See id.* As discussed
24

above, the Court concludes that the petition is unexhausted and recommends that it be dismissed with prejudice. Accordingly, the Court recommends that petitioner's motion to request the Court rule on the petition (Dkt. 9) be denied as moot.

**CONCLUSION**

For the above stated reasons, the Court concludes that all grounds raised in the petition are unexhausted and procedurally defaulted. The Court also finds that an evidentiary hearing is not necessary. Therefore, the Court recommends that the petition be dismissed with prejudice and a certificate of appealability not be issued. The Court also recommends that all pending motions (Dkts. 8, 14) be denied as moot.

Pursuant to 28 U.S.C. § 636(b)(1) and Fed. R. Civ. P. 72(b), the parties shall have fourteen (14) days from service of this Report to file written objections. *See also* Fed. R. Civ. P. 6. Failure to file objections will result in a waiver of those objections for purposes of de novo review by the district judge. *See* 28 U.S.C. § 636(b)(1)(C). Accommodating the time limit imposed by Fed. R. Civ. P. 72(b), the clerk is directed to set the matter for consideration on October 11, 2019 as noted in the caption.

Dated this 16th day of September, 2019.

J. Richard Creatura
United States Magistrate Judge